United States District Court
Southern District of Texas
**ENTERED**
July 29, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KOURTON WILLIAMS, (TDCJ # 2210984) § § § Plaintiff, § § vs. § DIRECTOR OF TDCJ-CID, *et al.*, § § § Defendants. § | § § § § § § § § § § § § | CIVIL ACTION NO. H-22-1718 |

## MEMORANDUM OPINION AND ORDER

Kourton Williams is currently incarcerated in the Texas Department of Criminal Justice—Correctional Institutions Division. Williams is transgender. She[1] filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983, alleging that several TDCJ prison officials violated her civil rights by failing to protect her from a sexual assault by another inmate. (Docket Entry No. 1). At the court's request, Williams filed a supplemental statement of her claims. (Docket Entry No. 8). Because Williams is a prisoner, the court is required to scrutinize her claims and dismiss the complaint in whole or in part if it determines that it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); *see also* 42 U.S.C. § 1997e(c). After reviewing Williams's complaint and supplemental statement, the court dismisses this action. The reasons are explained below.

---

[1] In response to the court's order for a supplemental statement of her claims, Williams indicated that her preferred pronouns are "she/her." (Docket Entry No. 8, p. 1).

I.      **Background**

Williams alleges that when she was confined in TDCJ's Polunsky Unit, she filed several grievances and Inmate Request Forms with TDCJ officials reporting that she was being sexually harassed and intimidated by other inmates because she is transgender. (Docket Entry Nos. 1, pp. 5-6; 8, pp. 3-4). She alleges that despite these reports, none of the defendants took any steps to protect her from further sexual harassment and intimidation. (*Id.*).

On October 7, 2019, Williams's cellmate, Tony Ortega, attacked and sexually assaulted her. (Docket Entry No. 8, p. 2). The assault resulted in Williams suffering injuries to her eye, lip, and finger. (*Id.*). She was seen by the Polunsky Unit infirmary, and she was also sent to Huntsville Memorial Hospital, where a rape kit was collected.[2] (*Id.*).

Williams alleges that the October 2019 assault occurred because prison officials did not respond appropriately to her earlier reports of ongoing sexual harassment. (Docket Entry No. 1, pp. 5-6). She sues Bobby Lumpkin, as the Executive Director of TDCJ-CID, for failing to train subordinate officers on how to respond to transgender inmate issues and grievances. (Docket Entry No, 8, p. 3). She sues Polunsky Unit PREA Manager Sergeant Watson for failing to properly respond to her grievances reporting ongoing sexual harassment. (*Id.*). And she sues Senior Warden Michael Butcher, an unidentified Unit Grievance Coordinator, and an unidentified Unit Classification Manager for failing to properly respond to her grievances and failing to take steps to prevent the ongoing sexual harassment after it was brought to their attention. (Docket Entry No. 1, p. 6). Williams seeks both compensatory and punitive damages. (*Id.* at 5).

---

[2]Williams was also transferred to a different TDCJ Unit. (Docket Entry No. 1, p. 4).

2

**II.     Discussion**

Because Williams is representing herself, the court construes her pleadings under a less stringent standard of review. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam). Under this standard "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Even under this lenient pleading standard, Williams's complaint must be dismissed as filed too late.

Williams brings her action under 42 U.S.C. § 1983. There is no federal statute of limitations for actions under § 1983, so federal courts borrow the forum state's general personal injury limitations period. *See Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019), *as revised* (July 2, 2019) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Because "Texas has a two-year statute of limitations for personal injury claims[,]" a civil rights plaintiff in Texas has two years from the date the claims arise to file suit. *Balle v. Nueces County, Tex.*, 952 F.3d 552, 556 (5th Cir. 2017) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). As a result, a Texas prisoner's claim brought more than two years after she knew or had reason to know of her injury is barred by limitations and subject to dismissal under § 1915A(b)(1). *See Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998).

Williams's complaint alleges that fellow inmate Ortega sexually assaulted her on October 7, 2019. (Docket Entry No. 8, p. 2). She alleges that she had reported incidents of sexual harassment to TDCJ officials before the assault occurred. (*Id*. at 3). But Williams did not file her civil rights complaint seeking relief for her injuries until May 20, 2022, well beyond the two-year

3

deadline. Claims that are plainly barred by the applicable statute of limitations are subject to dismissal as legally frivolous. *See Gonzalez,* 157 F.3d at 1019-20; *Gartrell v. Gaylor,* 981 F.2d 254, 256 (5th Cir. 1993) (per curiam). Because Williams waited more than two years from the time she was injured to sue, her lawsuit is untimely and is dismissed under 28 U.S.C. § 1915A(b)(1).

### III. Conclusion and Order

Williams's civil rights complaint, (Docket Entry No. 1), is dismissed with prejudice under 28 U.S.C. § 1915A(b) as untimely filed. Any pending motions are denied as moot. Final judgment is separately entered. This dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk of Court will send a copy of this Memorandum Opinion and Order to the Three-Strikes List Manager at the following email: Three_Strikes@txs.uscourts.gov.

SIGNED on July 29, 2022, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge